Filed 9/5/13  P. v. Morales CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN LEE MORALES,<br><br>Defendant and Appellant. | C072542<br><br>(Super. Ct. Nos.<br>09F9118 & 10F5508) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

By a complaint deemed an information, defendant John Lee Morales was charged in case No. 09F9118 with driving under the influence (DUI) of an alcoholic beverage and a drug with prior convictions in 2001, 2004, and 2007 (count 1; Veh. Code, §§ 23152, subd. (a), 23550, subd. (a)); DUI with a blood-alcohol content greater than 0.08 percent with prior convictions (count 2; Veh. Code, §§ 23152, subd. (b), 23550, subd. (a)); driving with a driver's license that had been suspended for a prior DUI conviction (count 3; Veh. Code, § 14601.2, subd. (a)); and operating a vehicle without a functioning interlock device (count 4; Veh. Code, § 23247, subd. (e)).  As to counts 1 and 2, defendant was alleged to have had a blood-alcohol content of 0.15 percent or higher

1

(Veh. Code, § 23578). All offenses were alleged to have occurred on or about November 3, 2009.

In case No. 10F5508, defendant was charged with two counts of felony child abuse alleged to have occurred on or about July 18, 2010 (counts 1 & 2; Pen. Code, § 273a, subd. (a)),[1] with various enhancements.

On June 3, 2011, in case No. 09F9118, defendant pled guilty to count 2 and admitted the prior convictions in return for a 16-month state prison lid if he received no prison term in case No. 10F5508, or eight months (one-third the midterm) consecutive to any prison term that might be imposed in that case.

On October 5, 2012, in case No. 10F5508, defendant pled no contest to both counts of child abuse, in exchange for the dismissal of the alleged enhancements and a stipulated total prison term of six years for both cases. Defendant waived referral to the probation department for a presentence report.

The stipulated factual basis for the plea in case No. 09F9118 was a California Highway Patrol (CHP) report. The stipulated factual basis for the plea in case No. 10F5508 was a Shasta County Sheriff's Department report. Neither report, however, is in the appellate record. We take the facts in case No. 09F9118 from the preliminary hearing, and the facts in case No. 10F5508 from other matters in the record.

At the preliminary hearing in case No. 09F9118, CHP Officer Donald Guy testified that he was dispatched to a location on the shore of Shasta Lake in response to a report from a United States forest ranger about a potential DUI. Defendant's breath smelled of alcohol, his eyes were bloodshot and watery, and his speech was thick. In field sobriety tests, defendant exhibited nystagmus, and a preliminary alcohol screening

---

[1]     Undesignated section references are to the Penal Code.

device yielded results of 0.212 and 0.215. Breath tests administered later at the Redding CHP office showed blood-alcohol content of 0.19 percent.

In case No. 10F5508, the trial court recited at the time of defendant's plea that both counts alleged that on or about July 18, 2010, defendant willfully and unlawfully placed a child in his care and custody in danger under circumstances likely to produce great bodily harm or death and to cause the child to suffer unjustifiable mental pain and suffering. According to a declaration of counsel and an attached exhibit, defendant, his 11-year-old daughter, and her 12-year-old friend, while attempting to negotiate a whitewater gorge on "flimsy blowup rafts," fell overboard, and defendant's daughter drowned.

The trial court sentenced defendant to a total state prison term of six years, consisting of four years (the midterm) on count 1 in case No. 10F5508, one year four months on count 2 in case No. 10F5508, and eight months on count 2 in case No. 09F9118, all to run consecutive. The court awarded defendant 1,640 days of presentence custody credit (820 actual days and 820 conduct days). The court imposed a $1,000 restitution fine (§ 1202.4, subd. (b)) and a $1,000 suspended restitution fine (§ 1202.45) in case No. 10F5508, and a $200 restitution fine and a $200 suspended restitution fine in case No. 09F9118; the court also imposed a $120 court security fee (§ 1465.8) and a $90 criminal conviction assessment (Gov. Code, § 70373). As to case No. 10F5508, the court also ordered $20,846.23 in victim restitution (§ 1202.4, subd. (f)). As to case No. 10F5508, the court imposed an additional total amount of $760, consisting of a $200 "base fine" (§ 672), a $200 state penalty assessment (§ 1464, subd. (a)), a $20 DNA penalty assessment (Gov. Code, § 76104.6), a $60 DNA penalty assessment (Gov. Code, § 76104.7), a $100 state court facilities construction fee (Gov. Code, § 70372, subd. (a)(1)), a $140 county penalty assessment (Gov. Code, § 76000, subd. (a)(1)), and a $40 state criminal fine surcharge (§ 1465.7, subd. (a)). As to case No. 09F9118, the court further imposed a $2,726 "driving under the influence fine" consisting of the following

3

amounts:  $711 (Veh. Code, § 23536); $720 (§ 1464, subd. (a)); $72 (Gov. Code, § 76104.6); $216 (Gov. Code, § 76104.7); $360 (Gov. Code, § 70372, subd. (a)(1)); $504 (Gov. Code, § 76000, subd. (a)(1)); and $143 (Pen. Code, § 1465.7, subdivision (a)).

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.


    BLEASE    , Acting P. J.


We concur:


    ROBIE    , J.


    MAURO    , J.